UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN J. ALFOND<br><br>    Plaintiff<br><br>v.<br><br>THE SCHREIBER LAW FIRM, LLC<br><br>    Defendant | **COMPLAINT AND<br>JURY DEMAND** |

## INTRODUCTION

1. This is an action for damages brought by plaintiff Brian J. Alfond, an individual consumer, against the defendant debt collector The Schreiber Law Firm, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Brian J. Alfond ("Alfond") is natural person residing in Walpole, Norfolk County, Massachusetts.

1

5. Defendant The Schreiber Law Firm LLC ("Schreiber") is a New Hampshire limited liability company engaged in the business of collecting debt in Massachusetts. Schreiber's principal place of business located at 53 Stiles Road, Suite A-102, Salem, New Hampshire. Schreiber's principal purpose is the collection of debts. Schreiber regularly attempts to collect debts alleged to be due another.

6. Schreiber is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(b).

## FACTUAL ALLEGATIONS

7. Schreiber was hired to collect a debt allegedly owed by Alfond to Cavalry SPV I, LLC ("Cavalry"). Schreiber has provided no documentation to Alfond to substantiate its assertion that the account was assigned to Cavalry. Cavalry is a "debt buyer" who claims to have purchased the debt from the original creditor.

8. Debt buyers are companies that do not lend to consumers, but instead purchase defaulted debts for an average of 4 cents per dollar and often have little information about the original account. *See* Federal Trade Commission, "The Structure and Practices of the Debt Buying Industry" (January 2013), available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.

9. The debt at issue arose out of an alleged transaction which was primarily for personal, family or household purposes.

10. Alfond resides in Walpole, Norfolk County, Massachusetts.

11. Alfond's ex-wife resides in Norfolk, Norfolk County, Massachusetts.

12. Notwithstanding the above, in or around October 2013, Defendant sued Alfond in Peabody District Court to attempt to collect the debt. *See* Cavalry SPV I, LLC v. Alfond, Civ. No. 1386CV0493 (Peabody Dist. Oct. 25, 2013). (**Exhibit 1** – Summons and Complaint.)

13. Peabody District Court is the state district court for Lynnfield.

14. Alfond did not live in Lynnfield when the alleged account at issue was opened.

15. Alfond did not live in Lynnfield when Schreiber initiated the collection lawsuit in Peabody District Court.

16. Notwithstanding the above, on or about January 13, 2014, Schreiber purportedly served Alfond with process for the Peabody District Court matter at his ex-wife's home in Norfolk, Norfolk County, Massachusetts. (**Exhibit 1**.)

17. Alfond thereafter received a copy of the summons and complaint from his ex-wife.

18. Schreiber's complaint made misleading and inaccurate statements about the debt, stating in Paragraph 4 that "Plaintiff agreed to extend credit" to Alfond.

19. In fact, Cavalry, the plaintiff, merely purchased the debt from the original creditor and had not extended credit to Alfond.

20. Furthermore, in Paragraph 6 of the complaint, Schreiber states that "Defendant is indebted to Plaintiff in the principal amount of $18,589.10."

21. In fact, on information and belief, this amount includes both principal and interest.

22. As a result of Schreiber's acts and omissions above, Alfond suffered actual damages, including but not limited to, invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish.

**COUNT I:**
**Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.**

23. The preceding allegations are incorporated by reference.

24. Schreiber violated the FDCPA. Schreiber's violations include, but are not limited to, the following:

(a) Failing to bring a legal action on a debt in the judicial district where the contract at issue was signed or where the consumer resided at the commencement of the action, in violation of 15 U.S.C. § 1692i;

(b) Misrepresenting the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(e) by falsely stating that the amount demanded in the complaint consists only of principal, and falsely claiming that Cavalry is the original creditor;

(c) Making a false or deceptive statement in connection with collection of the debt in violation of 15 U.S.C. § 1692e(10) by falsely stating that the amount demanded in the complaint consists only of principal, and falsely claiming that Cavalry is the original creditor; and

(d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. Schreiber's acts as described above were done intentionally or with willful or negligent disregard for Alfond's rights under the law and with the purpose of coercing Alfond to pay the alleged debt.

26. As a result of the above violations of the FDCPA, Schreiber is liable to Alfond for a declaratory judgment that Schreiber's conduct violated the FDCPA and his actual damages, statutory damages, costs, and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Alfond respectfully requests the following relief:

a) Declaratory judgment that Schreiber's conduct violated the FDCPA;

b) Actual damages;

c) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

e) Such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
617-830-1795
617-830-1576 Fax
jculik@culiklaw.com

Attorney for Plaintiff Brian J. Alfond

February 24, 2014